d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAURIE BOURQUE, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00469 |
| VERSUS | JUDGE EDWARDS |
| HOBBY LOBBY STORES INC, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a removed petition premising federal jurisdiction upon diversity of citizenship. ECF No 1-1. Also before the Court are all requisite Diversity Jurisdiction Disclosure Statements. The parties dispute whether Defendant Sharilyn Gott has been improperly joined. And on the present record, the Court cannot make an informed and adequate determination regarding that dispute.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted).

1

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing 28 U.S.C. § 1441(b)). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.*

To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024) (quoting *Smallwood*, 385 F.3d at 573). When the removing defendant claims that the plaintiff cannot establish a viable cause of action against the forum defendant,[6]

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

*Cuevas*, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added). "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Moreover, the United States Court of Appeal for the Fifth Circuit has described the standards governing an improper joinder analysis as follows:

2

> Our review generally mimics the familiar "Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573. As with a motion to dismiss, courts ask whether, construing all facts in favor of the plaintiff, he has plausibly pleaded a cause of action. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). And, similarly, a defendant has the heavy burden to show "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573.

*Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023).

In this case, diversity jurisdiction remains in question because the parties dispute the issue of improper joinder. Accordingly;

IT IS ORDERED that, not later than within fourteen (14) days, the parties will confer regarding their positions on improper joinder.

- If the parties resolve the dispute, within seven (7) days of that resolution, Defendant(s) will file file a Joint/Voluntary Motion to Dismiss Defendant Gott.

- If the parties do not resolve the dispute, within seven (7) days of conferral, Defendant(s) will file a Jurisdictional Memorandum, limited to ten (10) pages in length, more fully setting forth position the allegation of improper joinder. No more than seven (7) days after Defendants' filing, Plaintiff(s) may also file a responsive Jurisdictional Memorandum of the same length and substance.

SIGNED on Tuesday, May 14, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE